UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60350-CIV-ZLOCH

STEWART N. ABRAMSON and
PAUL F. WORSHAM,

    Plaintiffs,

vs.                           **FINAL ORDER OF DISMISSAL**

EXPRESS CONSOLIDATIONS, INC.,
et al.,

    Defendants.
_____/

    THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the Complaint (DE 1) filed herein by Plaintiffs Stewart N. Abramson and Paul F. Worsham and notes that the Court's jurisdiction in this matter is premised upon diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

    Section 1332 provides that where a complaint is founded on diversity of citizenship, a federal court may maintain jurisdiction over the action only "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States." The dictates of § 1332 keep the federal courts moored to the jurisdictional limits prescribed by Article III, Section 2 of the Constitution. As Justice Stone stated in reference to § 1332 in Healy v. Ratta, 292 U.S. 263, 270 (1934), "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."

    These dictates stem from the fact that federal courts are courts of limited jurisdiction. The presumption, in fact, is that

a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing, Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 10 (1799)). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged in the complaint. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see, e.g., 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3602 (1984 & Supp. 2007).

A review of the Complaint (DE 1) filed herein reveals that the requisite diversity of citizenship as to Plaintiffs and Defendants is not apparent on its face.  The Complaint states:

> 1. Plaintiff PAUL F. WORSHAM is an individual who has maintained and paid for his residential phone number at his home residence at 10903 Deborah Drive, Potomac, MD 20854 at all times relevant to this suit.
>
> 2. Plaintiff STEWART N. ABRAMSON is an individual who has maintained and paid for his residential phone numbers at his home residence at 522 Glen Arden Drive, Pittsburgh, PA 15208 at all times relevant to this suit.

DE 1.

The Complaint fails to sufficiently allege Plaintiffs' citizenship for the Court to determine whether it has jurisdiction over the above-styled cause. See Nadler v. Am. Motors Sales Corp., 764 F.2d 409, 413 (5th Cir. 1985); Rice v. Office of Servicemembers' Group Life Ins., 260 F.3d 1240, 1245 (10th Cir. 2001). Residency is not the equivalent of citizenship for diversity purposes. See 13B Wright, Miller & Cooper, Federal Practice and Procedure, § 3611. Thus, the citizenship of an individual party must be affirmatively

alleged.  Id.  Plaintiff's allegation alleges mere residency, and is therefore insufficient for the Court to exercise subject matter jurisdiction over the instant case.

In dismissing the above-styled cause due to Plaintiffs' failure to satisfy the requirements of federal jurisdiction, the Court echos the recently stated sentiment of the United States Court of Appeals for the Seventh Circuit:

> Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes impose on their jurisdiction?  Does it really matter if federal courts decide on the merits cases that they are not actually authorized to decide?  The sky will not fall if federal courts occasionally stray outside the proper bounds.  But the fact that limits on subject-matter jurisdiction are not waivable or forfeitable - that federal courts are required to police their jurisdiction - imposes a duty of care that we are not at liberty to shirk.  And since we are not investigative bodies, we need and must assure compliance with procedures designed to compel parties to federal litigation to assist us in keeping within bounds.  Hence [it is] . . . the responsibility of lawyers who practice in the federal courts, even if only occasionally, to familiarize themselves with the principles of federal jurisdiction.

Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 678 (7th Cir. 2006).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **DISMISSED** without prejudice in that the Court lacks subject matter jurisdiction over the same; and

2. To the extent not otherwise disposed of herein, all pending

Motions be and the same are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   14th   day of March, 2008.

```
                              /s/ William J. Z
                              _____
                              WILLIAM J. ZLOCH
                              United States District Judge
```

Copies furnished:

All Counsel of Record